UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES WENTLAND,<br><br>                    Plaintiff,<br><br>         v.<br><br>JOHN BILEWITCH,<br><br>                    Defendant. | Case No. 2:23-cv-00336-MMD-EJY<br><br>ORDER |

Plaintiff James Wentland sued Defendant John Bilewitch for damages he sustained from a car crash. (ECF No. 1 at 7-8.) Before the Court is Plaintiff's motion to remand (ECF No. 11 ("Motion")),[1] where Plaintiff argues that the amount in controversy does not exceed the $75,000 jurisdictional threshold. As further explained below, the Court finds that Defendant has failed to establish that the amount in controversy surpasses the $75,000 jurisdictional minimum. The Court will therefore grant Plaintiff's Motion.

The following allegations are adapted from the operative Complaint. (ECF No. 1.) On April 10, 2022, Defendant and Plaintiff were involved in a car crash. (*Id*. at 8.) Plaintiff alleges that Defendant was negligent and the car crash caused Plaintiff to suffer injuries to his "shoulders, back, bodily limbs, organs[,] and systems." (*Id*.) Plaintiff incurred damages in excess of $15,000 for medical treatments, loss of earning capacity, lost wages, and loss of enjoyment of life. (*Id*.) Plaintiff filed the Complaint in the Eighth Judicial District in and for Clark County. (*Id*. at 7.) Defendant removed the case, and Plaintiff's Motion followed shortly thereafter. (ECF Nos. 1, 11.)

Because Plaintiff does not request a specific amount of damages in the Complaint and instead alleges both general and special damages in excess of $15,000, Defendant

---

[1] Defendant filed a response. (ECF No. 14.)

must prove, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. (ECF No. 1 at 9.) *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).[2] The only evidence Defendant proffers is an alleged pre-litigation policy limit demand letter where Plaintiff claimed that he sustained damages in excess of $15,000. (ECF Nos. 5 at 2, 14 at 1-2.) *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that a court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal") (citation and quotation marks omitted); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("Conclusory allegations as to the amount in controversy are insufficient") (citation omitted). Due to the paucity of supporting evidence, the Court finds that Defendant has not met his evidentiary burden.

      First, Defendant did not provide the Court with a copy of this policy demand letter and only briefly referenced the letter in his removal petition. (ECF No. 1 at 2.) *See Matheson*, 319 F.3d at 1090. Next, a demand letter by itself is not dispositive or determinative of the amount in controversy—Defendant must provide other evidence that the amount in controversy is met, which he has failed to do here. (ECF Nos. 1, 14.) *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) ("A settlement demand is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim, but it is not dispositive") (citation and quotation marks omitted). Finally, and most importantly, none of the monetary figures raised by the parties even comes close to surpassing the $75,000 jurisdictional minimum. As noted above, Plaintiff only alleges damages in excess of $15,000 in his Complaint.

---

[2] To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Valdez*, 372 F.3d at 1117 (citations omitted).

(ECF No. 1 at 9.) In the Motion, Plaintiff alleges that he only sustained $15,082.70 in medical specials from the crash—a figure well below the $75,000 threshold. (ECF No. 11 at 2.) Even if the Court considered the demand letter, Defendant represents that Plaintiff only claimed damages in excess of $15,000 in the letter. (ECF Nos. 5 at 2, 14 at 1-2.) Moreover, there is a strong presumption against removal jurisdiction and the Court must reject jurisdiction if "there is *any doubt* as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted and emphasis added). Accordingly, the Court grants Plaintiff's Motion.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 11) is granted. This action is remanded to the Eighth Judicial District Court in and for Clark County.

The Clerk of Court is directed to close this case.

DATED THIS 17th Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE